# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1011

———————————————

Happy Stompingbear, also known as Chris Ward

*Plaintiff - Appellant*

v.

Wendy Kelley, former Director, Arkansas Department of Correction; Marshall
Dale Reed, Chief Deputy Director, ADC; Marvin Evans; Dexter Payne, Director,
Arkansas Department of Correction; Grant Harris, ADC; David White, Warden,
ADC; Tony McHan, Deputy Warden, ADC; Randell Watson, Warden, ADC;
James Gibson, Warden, ADC; Steven Williams, Warden, ADC

*Defendants - Appellees*

Nurzuhal Faust, Warden, ADC; Moses Jackson, Deputy Warden, ADC

*Defendants*

James Lowe, Deputy Warden, ADC; Paul Fulks, Chaplain, ADC; Jeffrey Henig,
Chaplain, ADC; Sean Treas, Chaplain, ADC; Joshua Mayfield, Head Chaplain,
ADC; Garry Jenkins, Corrections Officer, ADC; Jada Lawrence, Executive
Assistant to Director, ADC; Raymond Naylor, Disciplinary Hearing Administrator,
ADC; Terrie Banister, Hearing Officer, ADC; Keith L. Waddle, Hearing Officer,
ADC; Justine Minor, Hearing Officer, ADC; Jesse Jackson, Sergeant, ADC;
Steven Mitchell, Sergeant, ADC; Samuel Knight, Sergeant, ADC; Warren Walker,
Sergeant, ADC; Pearlie Johnson, Inmate Grievance Coordinator, ADC; Sharon
Cantrell, ADC/ACC Program Specialist; Steven Ricketts, Major, ADC; Brian
Cockrell, Sergeant, ADC; Asa Hutchinson, Arkansas Governor; Hazel Robinson

*Defendants - Appellees*

Adam Clark, Lieutenant, ADC

*Defendant*

Does, 1–5, Unknown Policy Makers, Publication Committee Members, Classification Committee Members, Liability Insurance Company, Unknown ADC Employees

*Defendant - Appellee*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

———————

Submitted: February 19, 2025
Filed: February 28, 2025
[Unpublished]

———————

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

———————

PER CURIAM.

Happy Stompingbear, an Arkansas prisoner who practices Paganism, claims that restrictions on group worship and the use of tarot cards violated constitutional and statutory rights. The district court dismissed some claims and granted summary judgment on the rest. For the reasons stated in its orders, we affirm on all but one. *See Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004) (providing for de novo review).

The exception is a group-worship claim against Chaplain Paul Fulks under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). Viewed in Stompingbear's favor, the record supports a finding that Arkansas prisons receive federal funding, *see id.* (b)(1) (imposing obligations on recipients), and that

requiring a "free world" worship leader was, in effect, a ban on group worship by Pagans, *see Murphy*, 372 F.3d at 988 (explaining what qualifies as a "substantial burden" on religious exercise). There is also a genuine dispute about whether inmate-led worship supervised by a chaplain and guard would be a "le[ss] restrictive means of furthering [the prison's] compelling . . . interest" in security. 42 U.S.C. § 2000cc-1(a)(2); *see* Fed. R. Civ. P. 56(a). At least one other religious group received this option, and nothing in the record suggests that Pagans pose a greater security risk. *See Holt v. Hobbs*, 574 U.S. 352, 364 (2015) (explaining that "[t]he least-restrictive-means standard is exceptionally demanding" and requires ruling out "other means of achieving [the] desired goal" (citation omitted)).

We accordingly reverse the grant of summary judgment on the statutory group-worship claim, affirm in all other respects, and remand for further proceedings.

_____